BURROWS & SPRINGS and M. N. HART *v.* THE BANK OF CHARLOTTE.

(For Syllabus and facts, see same case in 70 N. C. Rep. 283.)

CIVIL ACTION, tried before *Schenck, J.,* at January Term, 1875, MECKLENBURG Superior Court.

This case was originally tried before *Moore, J.,* at July Term, 1873, of MECKLENBURG Court, upon a case agreed, which is fully reported in 70 N. C. Rep., 283.

His Honor gave judgment against the defendant, who appealed, and in this Court the judgment below was reversed and the case remanded.

The case coming on to be heard upon the certificate of the Supreme Court, was, by consent, referred to T. W. Dewey and J. H. McAden to ascertain the value of the notes, who reported that they were worth fifty per cent. of their face value. No exception was filed to the report, and it was confirmed by the Court.

At Fall Term, 1874, the attorney for the defendant moved,

1. That he be allowed to file affidavits with a view to a modification and amendment of the case agreed, as filed in the papers, in order to show that there was an agreement between Taylor and the Cashier of the Bank of Charlotte, that the bills were to be bought to discharge Taylor's debt, and that Taylor purchased them with that understanding.

2. That Taylor deposited the bills with the First National Bank to secure the note on which the purchase money was raised.

This was objected by the plaintiff, who insisted that he was entitled to a judgment according to the case agreed.

The Court overruled the motion, and the case was then argued on the case agreed, and judgment rendered against the defendant.

By request of the counsel for the defendant, the Court stated that judgment was rendered against the defendant in invitum.

From this judgment the defendant appealed.

*Wilson & Son,* for appellant.
*Jones & Johnston,* contra.

RODMAN, J. The present appeal did not bring up for review our opinion reported in 70 N. C. Nevertheless at the request of the counsel for the defendant, we have reconsidered the reasoning of that opinion, and we find in it nothing of which we do not now approve.

In that opinion we said, as we then thought, with sufficient clearness, that the bank notes in question, were first subject to the payment of Taylor's note to the First National Bank of

Charlotte, and if any remained after such payment, it was the property of Taylor, and to the extent of his interest, the Bank of Charlotte could set off his indebtedness to it to any action on the notes.

In the opinion, the value of the notes was assumed to be what Taylor paid for them, viz : 60 cents in the dollar, merely as an illustration and to abbreviate the argument. It now appears that their value has been found to be only 50 cents in the dollar. and that the whole of them are required to pay the note of Taylor for which they were deposited as a collateral security. Consequently Taylor has no interest in them ; they all belong to Hart, the assignee of the Bank, and the Bank of Charlotte has no ground to set up a counter-claim by reason of Taylor's indebtedness to them. The Bank herein loses nothing to which it is equitably entitled. It has a set off to any demand of Taylor, but if Taylor has no demand against it, its claim against him is of course unavoidable in that way. Hart is like any other *bona fide* holder, and as such may claim the full amount of the Bank. To allow the Bank of Charlotte to set of the extent of the interest which Taylor was *supposed* to have had, to the injury of the First National Bank, or its assignee, when it turns out that Taylor's interest is of no value would be to give to a mere equity of redemption a priority over the mortgage debt.

There is no error in the judgment below.

PER CURIAM.                              Judgment affirmed.